# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BO-MAC CONTRACTORS, LTD.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-11792** |
| **DAIGLE TOWING SERVICE, L.L.C., ET AL.** | **SECTION: "J" (4)** |

## ORDER

Before the Court is a **Motion to Compel Discovery Responses (R. Doc. 14)** filed by the Defendant Daigle Towing Services, LLC ("Daigle Towing") seeking an order requiring Plaintiff Bo-Mac Contractor, Ltd. ("Bo-Mac") to supplement and provide full and complete responses to Daigle Towing's interrogatories and requests for production. The motion is opposed. R. Doc. 20. The motion was submitted on March 11, 2020 and was heard on the briefs.

### I. Background

On July 22, 2019, Plaintiff Bo-Mac instituted this case in admiralty for hull, equipment, machinery, cargo, and other related loss and damage related to a vessel allision somewhere between the industrial canal in New Orleans to the ADM Facility in Ama, Louisiana. R. Doc. 1. Specifically, Bo-Mac alleges that, on July 23, 2018, while being pushed by the M/V MISS LAURIE, chartered to and operated by Daigle Towing Services and Caillou Island Towing Co., Inc.("Caillou Island"), its Barge M969, and mounted fully dressed conveyor structure, allided with a stationery object. *Id.* Bo-Mac contends the resulting damage to the Barge M969, and its equipment is the result of the M/V MISS LAURIES' failure to take proper precautions, maintain proper look out, alter course, maintain proper radar, maintain proper radio watch and communications, and have adequate horsepower. *Id.*

On October 25, 2019, Daigle Towing propounded its first set of interrogatories and requests for production. R. Doc. 14. Despite multiple extensions of time, Bo-Mac did not respond. *Id.*

Accordingly, on February 13, 2020, Daigle Towing filed the instant motion to compel seeking responses to its outstanding discovery. *Id.* On February 24, 2020, Bo-Mac provided Defendant with the outstanding discovery, and, as such, sought an order denying Defendant's motion as moot. R. Doc. 20. In addition, Bo-Mac contends that the discovery responses were not untimely where the Court did not hold its Rule 16 conference until January 28, 2020.[1] R. Doc. 20, p. 3.

Daigle Towing acknowledged that the discovery was received but contends that the motion is not moot where multiple responses were deficient. R. Doc. 23. Specifically, Daigle Towing contends that Bo-Mac's responses to its Interrogatory Nos. 3 and 19, as well as its Request for Production Nos. 2, 10 13, 21, 22, 23, 24, and 26 are not complete. *Id.* Defendant Daigle Towing now seeks an order compelling Bo-Mac to amend and supplement its answers, as well as, attorneys' fees pursuant to the Federal Rules of Civil Procedure. *Id.*

## II.    **Standard of Review**

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure ("Rule") 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged. Fed. R. Civ. P. 26.  Rule 26(b)(1) specifies that

---

[1] Bo-Mac also contends any delay on its part in diligently searching for the documents is forgivable where the undersigned counsel transferred to a different firm in January of 2020 and Bo-Mac's point of contact has been out of state for the past months. R. Doc. 20, p. 3.

"[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." *Id*. Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. If a motion to compel under Rule 37(a) is granted, or disclosure is provided after filing, the "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. Pro. 37(a)(5)(A). The Court, however, "does not have to grant [reasonable expenses, including attorney's fees] if the opposing party's nondisclosure, response, or objection was substantially justified or other circumstances make an award of expenses unjust." *Id.*

### III. <u>Analysis</u>

#### A. Timeliness

Addressing first the issue of timeliness, the Comments to Rule 33 provides, "[u]nless leave of court is obtained, interrogatories may not be served prior to the meeting of the parties under Rule 26(f)." Fed. R. Civ. P. 33. In addition, Rule 34 provides" [t]he party to whom the request is directed must respond in writing within 30 days after being served or—if the request was delivered under Rule 26(d)(2)—within 30 days after the parties' first Rule 26(f) conference." Fed. R. Civ. P. 34(b)(2)(a). Early Rule 33 and Rule 34 requests are deemed served as of the parties' first Rule

26 conference. *Tigler v. Starr Indem. & Liab. Co.*, No. Civ. A. No. 18-1102, 2019 WL 3953955, at *1 fn 1 (M.D. La. Aug. 21, 2019) (citing Fed. R. Civ. P. 26(d)(2)(B)).

It is uncontested that neither party sought leave of court to propound early discovery requests. While neither party originally stipulated as to when their Rule 26(f) conference was held, Bo-Mac explains that co-Defendant Caillou Island did not even make its appearance until December 19, 2019 and the parties did not hold their Rule 16 conference until January 28, 2020. R. Doc. 20, p. 3. Bo-Mac, as such, urges the Court to find the responses timely where it responded within thirty (30) days of the parties' Rule 16 conference.

Only after the Rule 26 Discovery Conference, is service of Rule 33 and 34 discovery requests deemed served and, after that point, the responding party then has thirty-days from which to respond. *See Tigler*, 2019 WL 3953955, at *1 fn 1; *see also Goins v. Illinois Nat'l Ins. Co.*, No. Civ. A. No. 18-302, 2018 WL 3186960, at *2 (M.D. La. June 28, 2018) (holding, because the due date of discovery response is dependent on the date when the Rule 26(f) conference is held, that the court would not issue an order compelling responses to interrogatories where there was no evidence a Rule 26(f) conference was held).

Here, because Defendant Daigle Towing propounded the discovery requests on October 25, 2019, the Court can clearly find the discovery requests premature. Nonetheless, it is less clear when the discovery requests may be deemed properly served. After prompting from the Court, the Defendant informed the Court that the parties failed to conduct a formal Rule 26(f) conference. R. Docs. 25 & 26. While the Court cautions Bo-Mac that the Rule 16 Scheduling conference does not normally serve as the starting point for the discovery period, there is little other dates for the Court to rely upon. *See Worrell v. Houston Can! Acad.*, 424 F. App'x 330, 337 (5th Cir. 2011) (citing

4

Fed. R. Civ. P. 26(d)(1) ("Rule 26(d)[] expressly sets the starting point for discovery at the Rule 26(f) conference, not the scheduling conference.").

Because the parties neglected to hold a proper Rule 26(f) conference, the Court can appropriately deem the discovery requests not properly served until the date of the initial scheduling conference. *See Baker Tanks, Inc. v. Stranco, Inc.*, Civ. A. No. 98-730, 1998 WL 382142, at *1 (Wilkinson, M.J.) (E.D. La. July 8, 1998) (addressing the merits of a discovery dispute even though parties neglected to hold a proper Rule 26(f) conference where initial scheduling conference set for week thereafter the opinion and discovery process is ready to commence thereafter). The initial scheduling conference was not held until January 28, 2020. R. Doc. 12. Thirty days from that date is February 27, 2020. Bo-Mac provided its discovery responses on February 24, 2020, three days prior to the date they were due. *See* R. Doc. 20, p. 2. As such, the Court finds that Plaintiff Bo-Mac's responses are timely.

Notwithstanding, because the parties have engaged in the Rule 16 Scheduling Conference and the case has now proceeded to the discovery phase, the issue of the sufficiency of Bo-Mac's discovery responses is ripe for review. As such, it is appropriate for the Court to address the merits of the discovery dispute. *Baker Tanks*, 1998 WL 383142 at *1.

**B.  Sufficiency**

Daigle Towing next contends that Bo-Mac's objection that its investigation is ongoing and that it would supplement its responses if and when responsive documents were located is improper. R. Doc. 23, p. 1. Specifically, Bo-Mac contends this answer in response to Interrogatory No. 3 and Requests for Production Nos. 2, 13, 21, 22, 23, 24, and 26, is not proper where Daigle Towing has yet to receive any supplemental documentation. *Id.* Bo-Mac, in opposition, contends its response it proper where it is continuing to investigate and search for responsive documents, which it intends

5

to produce in a timely fashion far in advance of the November 17, 2020 discovery deadline. R. Doc. 20, p. 2.

Here, the Court has already determined that Plaintiff did not have the obligation to respond to Daigle Towing's discovery requests until February 27, 2020. Still, "[a] party is not excused from making its disclosures because it has not fully investigated the case." *Morris v. Zerlin*, Civ. A. No. 07-02787, 2007 WL 3231546, at *3 (Roby, M.J.) (E.D. La. Oct. 29, 2007) (quoting Fed. R. Civ. Pro. 26(a)(1)(E)). The Court, however, notes that Plaintiff Bo-Mac produced documents in response to these requests-e.g., Term Subcontract Agreements and amendments produced January 2, 2020, claim documents and emails produced February 4, 2020, from McDonough Marine Service, etcetera. R. Doc. 23, p. 2-3; *see also* R. Docs. 20-1, 20-2. The Court also notes that Daigle Towing does not specifically point to any documents or sets of documents that are missing, but rather complains that, as of March 20, 2020, it had yet to receive any supplemental production. R. Doc. 23, p.1.

In each of Bo-Mac's responses, it either contends it does not possess such documents or points to documents produced before the discovery time period even commenced. To the extent that such supplemental documents have been found in the course of investigation they should be produced, but nothing in the records indicates Bo-Mac is withholding any documents at this time. *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 582 (N.D. Tex. 2018) (finding written response within thirty days timely even though production by later specified date or on a rolling basis was noted as contemplated by Federal Rule of Civil Procedure 34(b)(2)(B)). As such, the Court denies Daigle Towing's motion as to Interrogatory No. 3 and Requests for Production Nos. 2, 13, 21, 22, 23, 24, and 26.

Daigle Towing finally contends that the claims documents produced by Bo-Mac appear to be incomplete and/or unrelated to this particular claim. R. Doc. 23, p. 3-4. Specifically, Daigle Towing complains that while the documents produce in response to Interrogatory No. 19 and Request for Production No. 10 reveal that the majority of Bo-Mac's damage estimations are comprised of summary labor expenses, Bo-Mac has not produced a description, itemization, or claims document specific to the quantification of the purported damages. R. Doc. 23, p. 4.

Here, Interrogatory No. 19 makes the specific request for a detailed description and itemization of all repairs and work performed on the DB M969 and/or conveyor structure following the subject accident. The Court also note that while Federal Rule of Civil Procedure 34 in no way requires a party to go out and create a document that is already not in existence in response to a discovery request. *Morris v. Copart*, Civ. A. No. 15-724, 2016 WL 11472826, at *4 (E.D. Tex. Sept. 22, 2016), *report and recommendation adopted*, 2016 WL 6608874 (E.D. Tex. Nov. 9, 2016) ("Rule 34(a) does not require a party to create documents that do not exist."); *Marchese v. Sec'y, Dep't of the Interior*, Civ. A. No.03-3082, 2004 WL 2297465, at *4 (Wilkinson, M.J.) (E.D. La. Oct. 12, 2004) ("Rule 34 does not require a party responding to discovery to create responsive materials, only to produce those in its possession, custody or control."). Rule 33 also provides when the burden is substantially the same in compiling and summarizing the requested information that the responding party may point to specific documents or set of documents that contain sufficient information from which the answering party can derive such information. *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 579 (N.D. Tex. 2018).

Among other things, Bo-Mac has produced its Force Summary Sheet, which provides the total estimated billable costs. R. Doc. 26-2. The information provided in this table breaks down the estimated cost into three broad categories—labor billable ($293,985.15), equipment billable

($41,136.80), and expendable/delivery/miscellaneous ($28.915.75). *Id.* While Defendant concedes that the claims notes include various invoices and purchase orders, of those produced the total billable does not match the $364,037.70 reflected in Bo-Mac's Force Account Summary. *See id.* Specifically, Defendant complains that absolutely no backup documentation, invoices, or purchase orders have been produced that reflects the total labor billable, which accounts for $293,985.15 of the $364,037.70 total. R. Doc. 26, p. 2.

Here, the Court is of the opinion that Plaintiff Bo-Mac should produce the transactional records and backup documentation that supports its claim for $293,985.15 labor expenses. Moreover, to the extent a detailed itemization already exists, that document should also be produced. As such, the Court grants Defendant's motion with respect to Interrogatory No. 19 and Request for Production No. 10.

### C. Attorneys' Fees

Here, the parties did not hold a proper Rule 26(f) conference. As such, Plaintiff Bo-Mac did not need to respond to the discovery requests until thirty days after the scheduling order, or on February 27, 2020. Defendant filed this motion on February 13, 2020, two weeks before Bo-Mac even needed to provide its discovery responses. *See* R. Doc. 14. As such, Daigle Towing's filing of this was premature, and, in that situation, the Court does not find an award of attorneys' fees would be appropriate. Accordingly, the Court denies Defendant Daigle Towing's request for an award of attorneys' fees and costs.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant Daigle Towing's **Motion to Compel Discovery Responses (R. Doc. 14)** be **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** as to Interrogatory No. 19 and Request for Production No. 10.

**IT IS FURTHER ORDERED** that the motion is **DENIED** with respect to Defendant Daigle Towing's Interrogatory No. 3 and Requests for Production Nos. 2, 13, 21, 22, 23, 24, and 26, as well as its request for attorneys' fees.

New Orleans, Louisiana, this 9th day of April 2020.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**